GLADNEY, Judge.
This action is for damages for personal injuries allegedly sustained by plaintiff while a guest passenger in a Buick automobile owned and operated by her husband, Sgt. Wyatt E. Duzenbury, which vehicle was involved in a collision with a Ford car driven by Mrs. Elise Johnson. Made defendants are Government Employees Insurance Company (hereinafter called Government), the liability insurer of Sgt. Du-zenbury, and Travelers Insurance Company (hereinafter called Travelers), the insurer of Mrs. Johnson.
Each respondent answered generally denying the charges of negligence directed at its insured. Upon the issues so presented, the cause was tried and resulted in judgment in favor of plaintiff against Travelers Insurance Company, but which rejected her demands against Government. Appeals were perfected by Travelers and plaintiff, the latter appealing from the judgment insofar as it rejected her demands against Government. Plaintiff answered the appeal and prayed for an increased award. Travelers also answered the appeal, alternatively praying that should it be held liable, Government should also be held.
Petitioner avers that Sgt. Duzenbury and Mrs. Johnson were both negligent. The fault of Sgt. Duzenbury is particularized as failing to maintain a proper lookout, and in turning from a direct line without making certain the maneuver could be executed with safety. Mrs. Johnson is charged with driving at an excessive rate of speed, with improper lookout, and in not keeping her vehicle under control.
The accident took place August 7, 1959, on private property, the Big Chain parking lot, located in Bossier City, situated north of State Highway No. 4. Weather conditions were normal at the time. During the afternoon of the date aforesaid Sgt. and Mrs. Duzenbury were shopping in the center and they had decided to drive across the parking lot for the purpose of shopping at another location in the center. In doing so, Sgt. Duzenbury drove in a northeasterly direction and came upon several stopped vehicles. These were lined up in the main artery of travel to and from the shopping center and were outward-bound toward State Highway No. 4. Duzenbury wished to proceed beyond the cars and attempted to pass behind the last or northernmost of the vehicles. When the front of his automobile had proceeded about four feet beyond or east of the line, it was struck by the vehicle driven by Mrs. Johnson, who had just entered the grounds of the shopping center and was moving north past the cars blocking the path of the Duzenbury vehicle.
The written reasons of the trial judge disclose he reached the conclusion that Sgt. Duzenbury, after passing into the lane in which Mrs. Johnson was traveling, came to a stop and sufficient time elapsed before the impact to permit Mrs. Johnson to have avoided the ensuing collision either by stopping or turning to the right. From this inference the judge reasoned Mrs. Johnson was traveling too fast under the circumstances.
Although we are reluctant to disagree with the decision of a trial judge on a factual issue, we must do so in this instance. The testimony of Sgt. Duzenbury, plaintiff, and Mrs. Johnson plainly shows *365 the automobile driven by Sgt. Duzenbury was moving at the moment of impact. The only testimony to the contrary came from Tommy G. Hannah whose testimony was so positively refuted on several occasions that we consider it wholly unworthy of belief. The testimony of plaintiff and Sgt. Duzenbury indicates their vehicle was proceeding at a speed of ten miles per hour or less when it moved into the path of the car driven by Mrs. Johnson. Neither could see beyond the line of vehicles being passed and they failed to observe the approach of Mrs. Johnson. Sgt. Duzenbury stated that when the Johnson vehicle came within his range of vision he was unable to estimate its distance or its speed, for it all happened too quickly.
 The foregoing facts prove to our satisfaction Sgt. Duzenbury was negligent in blindly moving into the well traveled artery of travel in the center without making certain such maneuver could be safely made. Such negligence was the sole proximate cause of the accident, for we find no substantial evidence to support the charge that Mrs. Johnson was at fault. The only evidence to the contrary rests upon the testimony of Tommy G. Hannah. This witness, a bystander, testified Mrs. Johnson drove into the parking lot at a speed of forty-five miles per hour, and that before the impact with the Duzenbury car, skidded ten steps, which he said he measured off. This testimony was controverted by Lt. Jones of the Bossier City Police, Sgt. Du-zenbury, and Mrs. Johnson, all of whom testified there were no skid marks. Of import also is the established fact that the impact between the two vehicles was so slight that only a small amount of damage was done, and neither vehicle moved after contact. Mrs. Johnson testified that in approaching the entrance to the parking lot, she was brought to a standstill by a flagman, entered the parking lot at a slow rate of speed, and was traveling not more than twelve to fifteen miles per hour when the front of Duzenbury’s car suddenly projected from behind the stopped vehicles into her lane of travel at which time she was only about fifteen feet away, and as a consequence, she had time only to attempt to stop her automobile, which she did. The testimony of Mrs. Johnson is supported by the fact that the collision was of a minor nature, and so substantiated must be accepted in lieu of that of a single thoroughly discredited witness.
In argument and brief counsel for appellant, Travelers, contends for an application of several rules of the road provided for in the state traffic regulatory statute, LSA-R.S. 32:1 et seq. This act, however, by its very terms, professes to apply only to persons when using the highways of the state. LSA-R.S. 32:221. Accordingly, we have preferred to rest our decision upon such general principles of negligence as are applicable to motor vehicles while operated on private property.
Plaintiff, shortly after the accident, was examined by her personal physician, Dr. Newman L. Reichman. Dr. Reichman referred her to Dr. Bennett H. Young, who saw her professionally from August 8, 1959, to April 26, 1960. Other medical examinations and treatments were given by Dr. James W. Wilson, Jr., an internist, who saw Mrs. Duzenbury on March 30 and April 1, 1960. All of these doctors testified as to their medical findings.
Plaintiff complained of limitation of motion in the neck with tenderness, a loss of sensation in the left arm, and a strain of the proximal phalanx of the middle finger of the left hand. These conditions were attributed by her to the accident. Dr. Reichman testified he found Mrs. Duzen-bury was suffering from some pain as a result of the strain of the left sternocleido-mastoid muscle of the neck which produced muscle spasm. The day after Dr. Reich-man’s examination, Dr. Young made the same diagnosis as to the strain, but failed to note muscle spasm. He testified:
“A. There was some tenderness or complaints of tenderness on the extremes of lateral rotation of the head *366 in both directions, on lateral bending in both directions, more noticeable on the — when the sternocleidomastoid on the left was put on the stretch. The reflexes of the upper extremities were normal, with no significant change, no muscle atrophy, or weakness, no sensory losses in either upper arm. There was full range of motion of the shoulder, hands, elbow and wrist, and so forth. There was some complaint of tenderness to palpation over the mastoid area on the left at the insertion of the sternocleidomastoid muscle and there was some tenderness for a short distance approximately one inch below this. There was no definite muscle spasm noted in the cervical musculature.”
He prescribed a cervical collar which Mrs. Duzenbury wore for several weeks. Dr. Wilson was unable to attribute any of plaintiff’s complaints to the accident. The ■ medical testimony discloses plaintiff’s poor physical condition was chronic following six operations between 1942 and 1947. She had experienced drainage from her breasts since 1954, and was in menopause in 1957. For some time pri- or to the accident she had been highly nervous. Such previous condition has made it difficult to determine whether the ills of which plaintiff complained were connected with the accident. The impact of the two vehicles, however, was so slight we seriously doubt plaintiff thereby sustained any substantial injury. The evidence does prove she suffered from a cervical strain, but according to Dr. Young that was not severe. In our opinion, the award made by the trial court was excessive and should be reduced to $1,000.
For the reasons aforesaid the judgment in favor of plaintiff, Mrs. Inez Duzenbury, against Travelers Insurance Company is annulled and reversed, and plaintiff’s demands against that defendant are rejected. It is further ordered.that the judgment in favor of Government Employees Insurance Company rejecting plaintiff’s demands be annulled and reversed and it is now ordered there be judgment in favor of Mrs. Inez Duzenbury against Government Employees Insurance Company in the full amount of $1,000, with legal interest from judicial demand until paid, and all costs of this suit.