REGAN, Judge.
This action was instituted by plaintiffs, Mr. and Mrs. Joseph A. Mazoue, against the defendants, Metairie Cab Service, Inc., Stanley J. Guerra, and Nicholas J. Baroni, endeavoring to recover the sum of $20,746.-45 as reparation for bodily injuries sustained by Mrs. Mazoue and for property damage and medical expenses incurred by Joseph Mazoue in his wife’s behalf as the result of a collision between an automobile driven by Mrs. Mazoue and a taxicab operated by Nicholas J. Baroni in a parking area which forms part of the Crescent Airline Shopping Center, located in Jefferson Parish, Louisiana.
The defendants answered and insisted that the accident was caused by the negligence of Mrs. Mazoue. In addition thereto, Stanley J. Guerra filed a reconventional demand against plaintiffs in the amount of $125.00 for damage to the taxicab, which was owned by him
From a judgment in favor of Mrs. Ma-zoue in the amount of $2,500.00 and in favor of Joseph Mazoue in the amount of $546.45, the defendants have prosecuted this appeal.
The record reveals that on May 6, 1961, at approximately 2:30 p. m., the plaintiff, Mrs. Mazoue, was driving her automobile in the parking area of the Crescent Airline *58 Shopping Center in a westerly direction, or toward Baton Rouge, when the right front side of her vehicle was struck by the front of a taxicab driven by Nicholas J. Baroni. Moments before the occurrence of the accident, Baroni had picked up a passenger in the shopping center and was proceeding in a one-way traffic lane between two rows of parked automobiles toward the Airline Highway.
The record reveals that the parking area is quite large and consists of various traffic lanes which provide access to the individual parking cubicles. The lane in which Mrs. Mazoue was driving is a two-way traffic lane running parallel to the Airline Highway in an approximate east-west direction from one end of the parking area to the other. This lane is delineated by raised cement abutments, and there are no parking cubicles along its route. The one-way traffic lane in which defendant was operating his taxicab intersected the plaintiff’s lane at right angles, and it is one of the feeder lanes to the Airline Highway. While this lane is nearly as wide as the lane in which the plaintiff was driving, it has numerous parking cubicles on each side.
There exists a conflict in the testimony as to whether shrubbery obstructed the view of the drivers near the situs of the accident. Mrs. Mazoue and Elwood Meyers, the investigating police officer, testified that no shrubbery was there at the time; on the other hand, Nicholas J. Baroni insists that shrubbery did obstruct his view at that location.
Although the respective versions of how the accident occurred conflict in many respects, a review of the evidence adduced at the trial hereof reveals that the location of the collision, together with the testimony of Mrs. Mazoue and the admissions of Baroni, establishes as a fact that the plaintiff’s automobile was well into the intersection when it was struck by the taxicab. There is inscribed in the record more-than ample evidence to justify the conclusion that the proximate cause of the-accident was the negligence of Baroni in endeavoring to enter the intersecting' artery in the parking area without initially-ascertaining that he could proceed safely.[1]
Under the facts reflected by this record,, we are unable to say that the trial court, committed error in concluding that the accident was caused by the negligence of Baroni. The judge thereof obviously accepted the plaintiff’s version of the manner in which the accident occurred and, therefore, reasoned that the plaintiff was free of any negligence which contributed to the accident and that the proximate cause thereof was the negligence of the operator of the taxicab in moving into the intersection at a time when it was not safe to do so.
The question which this appeal has posed for our consideration is whether that factual finding of the trial judge is so erroneous and unsupported by the evidence as. to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testimony or by endeavoring to reconcile the-respective litigant’s version of the manner in which the accident occurred. The trial: judge accepted the plaintiff’s version: thereof, and our analysis of the record’ convinces us that the evidence preponderates in her favor, and the judgment is,, therefore, correct.
Defendants contend that the award of $2,500.00 to Mrs. Mazoue was excessive;. However, the uncontradicted medical evidence reveals that Mrs. Mazoue incurred,, as a result of the accident, a cervical strain-accompanied by limitation of motion, inflammation, and muscle spasm. She was treated with diathermy, muscle relaxants, *59 •and traction, and was required to wear a Thomas Collar. This treatment lasted about two months, and Mrs. Mazoue’s pain persisted for another four months with recurrent “flare-ups” thereof occurring for approximately one year thereafter. In view of the foregoing medical evidence, we are convinced that the trial judge’s •award was not excessive.
For the foregoing reasons the judgment ■of the lower court is affirmed, at the defendants’ cost.
Affirmed.

. Duzenbury v. Travelers Insurance Co., La.App., 127 So.2d 363.